Maximilian Moss, S.
In this executor’s accounting, the court is required to pass on the objections raised thereto by the administratrix c. t. a. of Florence Scherpich, deceased. Florence Scherpich was the testator’s widow and his sole legatee. The testator died on November 19, 1959 after a protracted illness. He was survived by his widow who died on January 29, 1960.
The court is satisfied that the objectant’s first objection must be dismissed as all funds received during the lifetime of testator are reflected in Schedule “ H ”.
The second objection directed to an expenditure for “food and refreshments at date of burial—$20.60 ” is dismissed. Funeral expenses are lawful charges against the estate (Surrogate’s Ct. Act, § 216) and include accustomed forms and ceremonies attending the disposition of remains including reimbursement for expenditures for music, food and flowers (McCullough v. McCready, 52 Misc. 542, affd. 122 App. Div. 888).
The court will not now require the executor to reflect a decrease in value of certain estate securities dealt with on the *136 New York Stock Exchange. The final figures will be required on the decree’s submission since they then will be pertinent in fixing commissions if the securties be distributed in kind or otherwise. Objection “Third” is dismissed.
The executor has in his individual capacity assumed payment of the item enumerated in Schedule “ C ” of the account constituting the basis of objection “ Fourth”. The executor will supplement said schedule of the account accordingly. Objection ‘ ‘ Fourth ’ ’ is therefore dismissed.
Objections “ Fifth ” and “ Sixth” are directed to payments of certain debts enumerated in Schedule “ D ” of the account. The executor has in his possession vouchers and receipted bills showing that these items accrued prior to the testator’s death. The objections “ Fifth ” and “ Sixth ” are not well taken and are dismissed.
In Schedule “ D-l ” of the account the executor seeks to charge the estate for services rendered to the testator during his lifetime. An executor shall not satisfy his own debt or claim out of the property of the deceased until proved and allowed (Surrogate’s Ct. Act, § 212, subd. 4), but even where payment has actually been made and the Surrogate is satisfied that such payment would have been allowed by the court had the claim been proved prior to payment, the Surrogate may subsequently ratify it in the interest of justice (Matter of Hepner, 123 Misc. 758). The facts of the claim having now been submitted to the court, the claim is allowed and the objection thereto is dismissed.
The attorney’s requested fee allowance is the subject of the “Eighth” objection. Upon consideration of the extensive services rendered to the estate, the court fixes and allows to the attorney, pursuant to section 285 of the Surrogate’s Court Act, the sum of $2,750 which it determines to be the fair and reasonable value of the services rendered to the estate. The allowance of such fee shall include the attorney’s services in preparing the decree and distribution thereunder.
The executor has indicated that the estate’s stock certificate is now being transferred and that the personalty is being held by him as a coattorney of the widow’s estate. Under these circumstances, objection “ Ninth ” is dismissed.
Objection “ Tenth ” is not well taken and is dismissed. The items of funeral expenses have been covered in dealing with the second objection, and the court finds the other expenses were proper administration expenditures. The court determines the payment of severance pay as having been given in satisfaction of services rendered to the testator and his household.
*137 The household maintained by the testator during his lifetime included his wife’s brother, Frank Lambert, who resided with them for over 30 years. At the time of the death of his sister, Frank was over 80 years of age, indigent, and unable to care for himself. The widow during her lifetime expressed frequent oral adjurations to the executor concerning the brother’s welfare after her death. In the widow’s estate the brother is a legatee in a sum exceeding the amount advanced to him. The executor’s acts and conduct were wholly humanitarian, necessary and in compliance with the widow’s wishes. As a matter of equity, the executor will not be surcharged for such advances. The widow’s estate is subrogated to rights, if any, to apply the payments made for support and maintenance of the widow’s brother, Frank Lambert, against his legacy in the widow’s estate. Objection “Eleventh” is dismissed.
Objections designated as “Twelfth”, “Thirteenth” and “ Fourteenth ” are each dismissed since the objectant has failed to meet the burden imposed on her to establish the propriety of the objections taken.