In the Matter of the Estate of FRANK URBANSKI, an Incompetent Person.

FRANK T. HINES, as Director of the United States Veterans' Bureau, Appellant; MARTIN LEE CLARK, Former Committee of FRANK URBANSKI, and Another, Respondents.

Fourth Department, October 8, 1931.

*A. S. Thomson*, for the appellant.

*Martin Clark*, for the respondent Martin Lee Clark, former committee.

*Ethan W. Judd*, special guardian, for the incompetent.

PER CURIAM. Many of the items of services included in the statement of the attorney for the incompetent for which we believe compensation has been allowed are not matters falling within the class of legal services for which the attorney of such an officer as a committee can receive pay. They fall rather within the duties of the committee himself for which his statutory fees and allowances must be accepted as full consideration. For the items of services other than those mentioned, that is, those falling strictly within the class of legal services, we reach the conclusion that five hundred and ten dollars is fair compensation. This allows the statutory amount of ten dollars for the attorney's services in connection with obtaining an allotment of part of the veteran's compensation to the parents of the incompetent by an order of the Veterans' Bureau. Twenty-five dollars is allowed in each matter connected with the giving and approval of the committee's bonds. For matters connected with each annual account, twenty-five dollars is allowed. Twenty-five dollars is also allowed for matters in relation to obtaining a new certificate of honorable discharge. One hundred dollars is allowed for all matters relating to the obtaining of the order for the payment of forty dollars monthly to the incompetent's parents, and twenty-five dollars for the vacating of this order, and one hundred dollars for matters relating to the final accounting.

The order appealed from should, therefore, be modified on the facts by reducing the total sum allowed to the attorney for his services up to February 15, 1928, to the sum of $510, including therein the sum of $100 paid to the attorney June 12, 1922, and by striking out the allowance to him for subsequent services, without costs, and as so modified the order should be affirmed, without costs, but with an additional allowance of $10 to Ethan W. Judd, Esq., the special guardian of the incompetent, for his services upon this appeal.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order modified on the facts by reducing the total sum allowed to the attorney for his services up to February 15, 1928, to the sum of $510, including therein the sum of $100 paid to the attorney June 12, 1922, and by striking out the allowance to him for subsequent services, without costs, and as so modified affirmed, without costs, but with an additional allowance of $10 to Ethan W. Judd, Esq., the special guardian of the incompetent, for his services upon this appeal.