In the Matter of the Accounting of JOHN W. REMER, as Committee of JENS T. ERLANDSEN, an Incompetent Person, Respondent.

UNITED STATES VETERANS ADMINISTRATION, Appellant.

(Submitted May 23, 1934; decided July 3, 1934.)

156

*Matthew T. Hale* and *James A. Clark* for appellant.

*John W. Remer,* respondent, in person.

LOUGHRAN, J. The Appellate Division has affirmed an order, made in a proceeding under Civil Practice Act, article 81-A, judicially settling an intermediate account of the respondent as committee of Jens T. Erlandsen, an incompetent United States veteran. The appellant United States Veterans' Administration, pursuant to the authority conferred by section 1384-t of that article, challenges so much of the order as awards to the respondent additional compensation for his services as committee.

The statute makes the following provisions: " The term ' bureau ' means the United States veterans' bureau or its successor." (Civ. Prac. Act, § 1384-a.) " The

term ' ward ' means a beneficiary of the bureau." (Id.) " The term ' guardian ' as used herein shall mean any person acting as a fiduciary for a ward." (Id.) " The terms ' estate ' and ' income ' shall include only moneys received by the guardian from the bureau and all earnings, interest and profits derived therefrom." (Id.) " Compensation payable to guardians for administering the estate of a ward, shall be fixed by the court not to exceed five per centum of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may, upon petition and after hearing thereon, authorize additional compensation therefor, payable from the estate of the ward." (Civ. Prac. Act, § 1384-k.) We think that in this proceeding the courts below have failed to give effect to these provisions.

The respondent does not assert that the discharge of his duties involved anything that is not ordinarily required of the committee of an incompetent. He describes his services as the investment of funds, correspondence, annual inventories, attendance at hearings before a referee, and the preparation of the account. All this was no more than the usual routine of administration of any estate. It is true that it was in part the work of a lawyer. The statute here applicable (Civ. Prac. Act, art. 81-A), with certain exceptions not now material, supersedes (Civ. Prac. Act, § 1384-b) other provisions of law in respect of incompetents, and authorizes added compensation for legal services rendered by a fiduciary in connection with his official duties only when such services are found to be extraordinary. (Cf. Civ. Prac. Act, § 1376, and Surr. Ct. Act, § 285.) No service of the respondent is found to have been uncommon in character, nor is the additional allowance allocated to any specified activity. In this state of the record, the compensation fixed by the statute must be deemed a full equivalent for all services of the respondent in the execution of his fiduciary undertaking.

The order of the Appellate Division should be reversed and the order of the Special Term modified by striking therefrom the direction for the allowance to the respondent of additional compensation for his services, and as so modified affirmed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.