**HINES, Adm'r of Veterans' Affairs, etc., v. PAREGOL.**

**No. 6364.**

United States Court of Appeals for the District of Columbia.

Argued March 6, 1935.

Decided April 29, 1935.

Horace T. Jones, of Washington, D. C., for appellant.

John H. Burnett, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal is taken from an order of the lower court granting compensation to the committee (guardian) of an insane veteran for legal services alleged to have been rendered by the committee in the execution of her trust.

It appears that Jesse Thomas Kelly is a World War veteran, a patient at St. Elizabeth's Hospital, and a beneficiary of the Veterans' Bureau. In October, 1927, he was adjudged to be of unsound mind, and Goldie S. Paregol, a member of the bar of the District of Columbia, was appointed and qualified as committee of his estate. Thereafter she duly received from the Veterans' Bureau certain sums of money representing disability compensation and government insurance.

From time to time, annually, after her appointment, the committee filed her accounts of receipts and disbursements, and these accounts were duly passed and settled. In each of them she was allowed a commission of 5 per cent. on the sum shown to have been received and disbursed in such annual account.

On July 26, 1933, the committee filed a petition for an increased allowance because of unusual services, and for attorney fees, setting out in the petition the extent of the ward's estate and the services rendered by the committee in connection therewith. The committee alleged that the services rendered by her had in many respects been such as could only have been performed by an attorney at law, and but for the fact that she was able to and did render the same it would have been necessary to employ such an attorney; and that the commission of 5 per cent. which she had received was entirely inadequate for the time and services rendered by her, and claiming that she was entitled to a fee over and above such allowance. She alleged that an allowance to her in the sum of $525 for the time spent, responsibility assumed, and the services rendered by her, in lieu of a commission, would be fair and reasonable, and prayed that the court should pass an order directing her to pay to herself, individually, out of the ward's estate the sum of $525 as a fee for her services.

The appellant, Frank T. Hines, as Administrator of Veterans' Affairs, appeared by his duly authorized attorney, and filed a motion to deny the foregoing petition of the committee.

Upon consideration of the petition and the answer of the Administrator of Veterans' Affairs, the court on November 17, 1933, ruled that no extra compensation as an attorney's fee, or for extraordinary services rendered by the committee, could be allowed under the statute,

954

and accordingly the petition therefor was denied.

Afterward, to wit, on July 13, 1934, the committee filed a second petition setting out in substantially similar form and effect as before the services rendered by her, and praying for the allowance of an additional amount as reasonable compensation for her services; and on the same day the court granted the petition and ordered that the committee "pay to herself, individually, out of the said estate the sum of $300 for legal services rendered." Exceptions to this order were noted by the appellant, and an appeal was noted with leave to proceed without bond.

■ In this court the appellee has filed a motion for the dismissal of the appeal on the ground, as alleged, that the appellant was not a proper party in the proceeding in the lower court and was not entitled to take an appeal.

This motion is overruled upon the authority of section 21, par. 2, World War Veterans' Act 1924, as amended (section 450, par. 2, title 38, U. S. Code, 38 USCA § 450 (2), which provides in part as follows: " * * * Whenever it appears that any guardian, curator, conservator, or other person is not, in the opinion of the director, properly executing the duties of his trust or has collected or is attempting to collect fees, commissions, or allowances that are inequitable or are in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then and in that event the director is hereby empowered by his duly authorized attorney to appear in the court which has appointed such fiduciary and make proper presentation of such matters to the court. * * *"

In our opinion, under these statutory provisions, the appellant was entitled, and in duty bound, to appear in this case in the lower court and represent the interests of the ward, for otherwise the ward would have been without counsel when sued by his guardian. It follows that appellant was entitled to prosecute the present appeal and to appear in this court either as Administrator of Veterans' Affairs, or as next friend of the ward. Automobile Brokerage Corporation v. United States, 59 App. D. C. 243, 39 F.(2d) 288.

■ In our opinion, moreover, the trial court erred in making the allowance of $300 to the committee for the legal services alleged to have been rendered by her for the estate.

Prior to February 10, 1927, section 115 (b) of the D. C. Code provided for the care of the estate of lunatics in the following language: "The said court shall have full power and authority to superintend and direct the affairs of persons non compos mentis, and to appoint a committee or trustees for such persons after hearing the nearest relatives of such person or some of them if residing within the jurisdiction of the court, and to make such orders and decrees for the care of their persons and the management and preservation of their estates, including the collection, sale, exchange, and reinvestment of their personal estate, as to the court may seem proper. The court may, upon such terms as under the circumstances of the case it may deem proper, decree the conveyance and release of any right of dower of a person non compos mentis, whether the same be inchoate or otherwise."

It may be observed that no express provision is contained in the foregoing paragraph for compensation allowable to the committee for services rendered in connection with the estate. However, on February 10, 1927, Congress amended the foregoing paragraph by adding thereto the following provision: "The court shall allow a reasonable compensation for services rendered by the committee not exceeding a commission of 5 per centum of the amounts collected if and when disbursed." 44 Stat. c. 100, pt. 2, p. 1067 (D. C. Code 1929, T. 16, § 2).

It may be noted also that prior to February 10, 1927, section 1135 of the D. C. Code provided for the filing of an account by guardians with the court, containing the provision that the guardian "shall be allowed credit for taxes, repairs, improvements, expenses, and commissions not exceeding ten per centum of the principal of the personal estate and on the annual income of the estate." However, on February 10, 1927, the foregoing section was amended by the addition thereto of the following provision: "The court shall allow a reasonable compensation for services rendered by the guardian not exceeding a commission of 5 per centum of the amounts collected if and when dis-

bursed." 44 Stat. 1067, c. 101 (D. C. Code 1929, T. 15, § 55).

It thus appears that Congress intended to restrict the compensation of a committee, such as the appellee in the present case, to an allowance of 5 per cent. upon the amounts received and disbursed by such committee, as full, complete, and exclusive compensation for all services rendered by the committee in connection with the trust. Matter of Urbanski's Estate, 233 App. Div. 338, 252 N. Y. S. 777; United States Veterans' Bureau v. Glenn, 226 Mo. App. 674, 46 S.W.(2d) 200.

We need not now inquire whether in case of an application duly made in advance to the court, and for good cause shown in the interest of the ward's estate, the court would have jurisdiction in the exercise of a sound discretion to appoint the committee to act as attorney at law in a given case for the performance of specific duties and for a fixed compensation.

The order of the lower court now upon appeal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.