In the Matter of the Application of CECILIA A. DORAN, Substituted Committee of HOWARD WILLIAMS, an Incompetent, for Leave to Resign and for the Judicial Settlement of a Final Accounting.

UNITED STATES VETERANS' ADMINISTRATION, Appellant; CECILIA A. DORAN, Resigned Substituted Committee, Respondent.

First Department, November 15, 1935.

*Leo J. Ross* of counsel [*James A. Clark*, attorney], for the appellant.

*John C. Dohm*, for the respondent Cecilia A. Doran, resigned substituted committee.

PER CURIAM. The incompetent is a World war veteran and an inmate of the United States Veterans' Administration Facility at Northport, Long Island, N. Y., having been transferred to that institution from Central Islip State Hospital. One Macias was originally appointed committee of the incompetent, and on February 15, 1927, by an order of the Supreme Court, the final account of Macias, as committee, was judicially settled and he was discharged as such committee, and one Sidney A. Sands was appointed substituted committee. In that proceeding there was an allowance to Ralph F. Kane, the special guardian, for his services of $75, and to Leonard Lifton, the attorney for the committee, there was an allowance of $100. Thereafter and on May 4, 1934, the final account of the substituted committee, Sidney Sands, was judicially settled and he was discharged as substituted committee, and Cecilia A. Doran, an attorney at law, was duly appointed the new substituted committee. In that proceeding the following allowances were made: To H. Edwin Goldberg, the special guardian, $75; to Robert J. Marcus, attorney for the committee, $200, and to Robert J. Marcus, attorney, for disbursements, $10. Cecilia A. Doran was appointed on May 4, 1934, as substituted committee, and on May 28, 1935, only about a year after her appointment, she asked for authority to resign and to have her final accounting judicially settled. She filed her account through an attorney and moved to judicially settle the same. The order appealed from was entered in the office of the clerk of New York county on June 27, 1935, authorizing the substituted committee, Cecilia A. Doran, to resign and appointing the Trust Company of North America as substituted committee of the incompetent, with the following allowances: To Angelo DeVito, special guardian, for services rendered, $50; to John C. Dohm, attorney for Cecilia A. Doran, as committee, $75, with $10 additional for disbursements.

The proofs disclose that the incompetent has been continuously in the hospital since July 16, 1925. His entire estate consists of assets received from the United States Veterans' Administration. Payments of compensation by the Veterans' Administration were discontinued on June 30, 1933. In the final account submitted there appears to be on hand in the hands of the committee $1,750.82,

with $31.66 as accrued interest. The disbursements charged by the committee were: $20 for bond premium; $45 for payments to the hospital; check tax, 6 cents; bank charges, 32 cents. Altogether, the disbursements amounted to $65.38.

The Veterans' Administration objected to the payment of any fees out of the assets of the incompetent's estate incurred by reason of this resignation.

We think the allowance to the attorney for the committee for services was improperly made. The respondent is an attorney and counselor at law, and it would not seem, with this simple account, consisting of two items of receipts and substantially three items of disbursements, that there was any justification for the substituted committee employing counsel. Of course, the substituted committee had an entire right to resign in case she chose to do so, but we do not think that, by reason of these successive resignations, the estate of the incompetent should be depleted as it has been. The incompetent is a ward of the court upon which the duty devolves to protect both his person and his property. In *Matter of De Burgh*, the Supreme Court held on November 25, 1933, in a decision reported in the New York Law Journal of that day, that no compensation was allowable to the attorney for the committee when it appeared that the committee was himself an attorney. We do not think it was proper to make any allowance for services to the attorney of the committee so unnecessarily employed.

The order appealed from should be modified by striking out the allowance for services to the attorney for the committee, and as so modified affirmed, without costs.

Present — MARTIN, P. J., MERRELL, McAvoY, O'MALLEY and TOWNLEY, JJ.

Order unanimously modified by striking out the allowance for services to the attorney for the committee; and as so modified affirmed, without costs. Settle order on notice.