In the Matter of the Final Judicial Settlement of the Accounts of JULIA SPILLANE, as Committee of the Person and Property of THOMAS SPILLANE, an Incompetent Person, as Rendered by MARY ELLEN LEE, Sole Administrator, etc., of said JULIA SPILLANE, Deceased.

Supreme Court, Special Term, Chemung County, November 23, 1936.

*Cornelius O'Dea*, for the administrator of the committee.

*Matthew T. Hale*, for the Veterans' Administration.

PERSONIUS, J. The question here is whether an allowance can be made for legal services on this accounting, in addition to the compensation (not to exceed five per cent of the income) allowed to the deceased committee by section 1384-k of the Civil Practice Act.

Article 81 of the Civil Practice Act applies generally to committees of incompetents. Article 81-A applies to committees (guardians) of incompetent veterans, *i. e.*, the wards of the United States Veterans' Bureau, and its successors, and except as therein provided supersedes any inconsistent provision of law relating to incompetents. (Civ. Prac. Act, § 1384-b.)

Section 1384-k provides: " Compensation payable to guardians for administering the estate of a ward, shall be fixed by the court not to exceed five per centum of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may * * * authorize additional compensation * * *. No compensation shall be allowed on the corpus of an estate received from a preceding guardian."

Section 1384-i provides for filing annual accounts. There seems to be no other provision relating to accountings by the guardian of an incompetent veteran. Of course, upon the death or resignation of a committee, there must be a final accounting.

In considering whether a committee or, as here, administrator of a deceased committee, who is not an attorney, is entitled to an allowance for attorney's fees in preparing a final account, it may be helpful to refer to the law relating to committees of other than incompetent veterans.

Formerly an executor or other representative " who happened to be an attorney was not at liberty to charge the estate for legal services. Now, under section 285 of the Surrogate's Court Act, he may receive compensation for legal services rendered in connection with his official duties." (*Matter of Hallock*, 214 App. Div. 323, 324; *Matter of Daly*, 180 id. 307; affd., 223 N. Y. 671.) This applies to committees. (Civ. Prac. Act, § 1376.)

There is no provision in article 81-A expressly authorizing an allowance for legal services to a committee who is an attorney. Therefore, a committee who happens to be an attorney might well be denied an allowance for services performed as such. (*Matter of Erlandsen*, 265 N. Y. 155.) The attorney for the Veterans' Administration says this case forbids an allowance for legal services, in addition to the five per cent commission, *even where the committee is not an attorney*. In that case the committee asked an allowance

for his services described " as the investment of funds, correspondence, annual inventories, attendance at hearings before a referee, and the preparation of the account." Clearly none of these services were extraordinary unless it be the legal services in preparing the account. *The committee was an attorney.* While the court did not stress that fact it said the additional allowance was not " *allocated to any specified activity. In this state of the record*, the compensation fixed by the statute must be deemed a full equivalent for all services." (Italics mine.) The court was there dealing with an item of legal services (1) rendered by a committee who was an attorney, and (2) intermingled with services which were clearly included in the statutory compensation. We cannot conclude that the court intended to hold that no allowance could be made for the services of an attorney employed by a committee of an incompetent veteran in the preparation of his final account, where the committee is not an attorney. That decision was rendered in July, 1934. Prior thereto the Fourth Department of the Appellate Division in an unanimous opinion sustained an allowance for legal services. (*Matter of Urbanski*, 233 App. Div. 338.) Subsequent thereto the First Department in *Matter of Williams* (245 App. Div. 505) reversed an allowance solely on the ground that the committee was an attorney. In the same case such allowances had been made to prior committees who were not attorneys. The Court of Appeals cited no authorities in *Matter of Erlandsen* (*supra*), but among the New York authorities cited to it were two cases which simply held that an allowance for legal services could not be made to a guardian who was an attorney. (*Morgan* v. *Hannas*, 49 N. Y. 667; *Matter of Osgood*, 119 Misc. 251, 256, 257.)

The attorney for the Veterans' Administration cites cases on the allowance of statutory compensation or percentage on the corpus of an estate where the representative has resigned or died. No question of allowance for legal services was involved. The present case involves only statutory compensation on income.

We see nothing in article 81-A of the Civil Practice Act which forbids a reasonable allowance for attorney's services in preparing the final account here. The petitioner is not an attorney, and necessarily must engage one to properly perform that duty.

We agree with the Veterans' Administration that the estates of incompetent veterans should be carefully protected and not subjected to burdensome allowances, especially where the estate is small. Nevertheless, the reasonable services of an attorney are frequently helpful in conserving an estate.

In this particular estate we think an allowance of $40 should be made for the services of the attorney on this final accounting. Such

amount is allowed. The estate of the committee may also retain the sum of $108.43, being five per cent of the income, for the services of the committee. It may also retain the sum of $175 due it under an existing order making an allowance to the committee as wife of the incompetent for her support. The account is surcharged in the amount of $24, a payment claimed to have been made and not accounted for, which amount is conceded by the accounting party.

Submit order accordingly.