## In re GALLEN.
### No. 5153.

District Court of the United States for the District of Columbia.

March 5, 1937.

Frederick A. Fenning, of Washington, D. C., for the committee.

LETTS, Justice.

This matter comes before the court on exceptions to the report of the auditor. The sole question involved is the meaning of the language of section 115b of the Code of Laws of the District of Columbia (as added by Act June 30, 1902, 32 Stat. 524), as amended by Act of Congress approved February 10, 1927, 44 Stat. 1067 (D.C.Code 1929, T. 16, § 2). The language pertinent to this inquiry reads:

"The equity court shall have full power * * * to make such orders and decrees for the care of their [lunatics'] persons and the management and preservation of their estates, including the collection, sale, exchange, and reinvestment of their personal estate, as to the court may seem proper. * * *

"The court shall allow a reasonable compensation for services rendered by the committee not exceeding a commission of 5 per centum of the amounts collected if and when disbursed."

The auditor reached the conclusion that the word "disbursed," in the phrase "if and when disbursed," contemplates sums paid from the funds of the estate in the nature of expenses and expenditures in the preservation, management, and conduct of the estate; it was his opinion that the word does not include moneys or funds or property of any kind paid over to the person entitled to the estate, e. g., to the lunatic upon the restoration of his sanity

or to the administrator of his estate upon his death.

The committee excepts to this construction of the statute and urges that the word "disbursed," in the phrase "if and when disbursed," includes the transfer of the corpus of the estate to one legally entitled to receive same from the committee. The court thinks that while the word "disbursed" might very often ·have the limited meaning ascribed to it by the auditor, it is necessary to determine the meaning of the word as used in this statute in relation to the legislative purpose which brought about the enactment of the amendment. When so viewed, it is clear that the meaning of the word "disbursed" in the phrase "if· and when disbursed" must be broad enough to authorize compensation estimated upon the corpus of the estate. The reports· of the House of Representatives and Senate Committees and the debate of members when the bill was under consideration in the House clearly indicate that those in charge of the legislation both in the House of Representatives and in the Senate believed that an evil existed which should be corrected. Under existing law which it was then sought to amend committees for persons of unsound mind were permitted to have compensation not to exceed 5 per cent. on the amounts collected and an additional 5 per cent. on the same funds when disbursed. It was clearly the congressional intent to limit compensation for the service of committees to a reasonable sum not to exceed 5 per cent. on the amounts collected and disbursed, and further, that no compensation should be allowed until there was disbursement. Plainly congress sought to legislate so that a committee could not be compensated at one time for collections made and at a. later time for disbursements. The definite thought as revealed by reports of committees and the debate was that the compensation to committees should not exceed 5 per cent. both with respect of collections and of disbursements. To hold that such compensation should not exceed 5 per cent. on expenditures and excluding compensation for the handling of funds not expended but preserved with care and wisely and judiciously invested and fully accounted for at the closing of the estate would be inconsistent with the language of the act and incompatible with· its wholesome purpose. The amendment contemplates that committees shall have reasonable compensation for services rendered. The court does not think that it was the legislative intent to penalize a committee which has wisely and judiciously preserved the estate of a lunatic by denying reasonable compensation or no compensation at all because he has preserved the estate and not expended it in the course of his duties as committee.

Without reasoning the matter further, the court concluded that both reason and justice require that the language under consideration shall be construed to embrace that part of the estate which is preserved and paid over to those entitled to take it when the services of the committee are no longer required by the court. The holding in Hines v. Paregol, 64 App.D.C. 306, 77 F.(2d) 953, is not of contrary import, and the conclusion here reached and expressed is believed to be in harmony with a construction of the statute heretofore adhered to by this court. Accordingly, the exceptions to the auditor's report are sustained.