In the Matter of the Application for a Final Settlement of the Accounts of ELMER M. SHAFFER, as Committee of the Person and Property of VALENTINE DIECE, an Incompetent Person.

In the Matter of the Application for a Final Settlement of the Accounts of ELMER M. SHAFFER, as Committee of the Estate of JAMES G. BLISS, an Incompetent Person.

Supreme Court, Special Term, Madison County, November 17, 1937.

*Louis Z. Green,* for Elmer M. Shaffer, as committee of incompetents.

*James M. Keating,* for the Veterans' Administration.

PERSONIUS, J.   Elmer M. Shaffer, the committee in the above-entitled proceedings, is an attorney.   His accounts were prepared by Louis Z. Green of Green & Anderson, attorneys.   The Veterans'

Administration objects to any allowance to them for preparing the account on the ground that the committee being an attorney is required to perform all the legal services in connection with the estate without compensation other than his usual commissions.

We considered this question in *Matter of Spillane* (161 Misc. 651). We there discussed the cases relied on by the Veterans' Administration, namely, *Matter of Erlandsen* (265 N. Y. 155) and *Matter of Williams* (245 App. Div. 505), and held that a reasonable allowance should be made to the committee of an incompetent veteran, who was *not* an attorney, for the legal services of the attorney on the accounting.

It has not been held that such an allowance cannot be made in any case where the committee is an attorney. In the *Spillane* case we said that a committee who happened to be an attorney might well be denied an allowance for legal services. In the *Erlandsen* case the court was considering " additional compensation " for " extraordinary services " under section 1384-k of the Civil Practice Act. It held that services in making investments, correspondence, filing annual inventories, attendance at hearings, etc., were not extraordinary. True, the allowance in question included services for the " preparation of the account," but the court pointed out that the additional allowance was not " allocated to any specified activity " and concluded that " in this state of the record " the additional compensation could not be allowed. In the *Williams* case it was quite apparent that the estate was being mulcted. The court said: " The respondent is an attorney  *  *  *, and it would not seem, with this simple account, consisting of two items of receipts and substantially three items of disbursements, that there was any justification for the substituted committee employing counsel." (See, also, *Matter of Urbanski*, 233 App. Div. 338.) These authorities do not forbid an allowance for legal services in all cases where the committee is an attorney.

Here the committee is not resigning without reason. Owing to the death of his senior partner, he is discontinuing the practice of law and entering a field in which he could not well act.

We adhere to our statement in the *Spillane* case (p. 653) that the estates of incompetent veterans should be carefully protected and not subjected to burdensome allowances, especially where the estate is small, but we think each case must be determined by itself. Allowances cannot in all cases be molded from the same pattern. Where an estate is substantial in amount and has been efficiently handled, why should the committee, who happens to be an attorney, be required to serve at a financial loss? Why should he be required to render unusual services gratuitously? It is often desirable that

a bank or qualified attorney be appointed to administer such a trust. Why should the former be entitled to an allowance for legal services and the latter not? If so, attorneys will be inclined to refuse appointments even where their services are most desirable.

As to the matter of Valentine Diece, the account is not involved and the estate is not large. Certainly it has not been depleted by the committee. Quite the contrary. Still it is a simple account, the preparation of which might well fall within the province of the committee-attorney. In that estate, we, therefore, make no allowance for attorney's fees on the accounting.

The James G. Bliss estate is quite different. It is substantial. It has not been depleted but conserved and increased. The account is not simple. Without detailing the services which were necessary in its preparation we conclude that an allowance should be made to the committee for the services and disbursements of his attorney upon the final accounting in the sum of $251.85.

Submit orders accordingly.