In the Matter of the Accounting of DELIA O'CONNOR, as Committee of the Estate of THOMAS O'CONNOR, an Incompetent Person.

FRANK T. HINES, as Administrator of Veterans' Affairs, Appellant; MARY WHELAN, as Administratrix of the Estate of DELIA O'CONNOR, Deceased, et al., Respondents.

First Department, February 26, 1943.

*William A. Gillcrist* of counsel (*James A. Clark*, attorney), for appellant.

*Irwin Ira Rackoff,* respondent in person.

*Samuel Lax,* special guardian, respondent.

MARTIN, P. J. The Administrator of Veterans' Affairs appeals from an order fixing allowances to the attorney for the accountant and to the special guardian for the incompetent. He contends that the allowances under the circumstances here present are too large.

The incompetent in this proceeding is a disabled ex-soldier. His mother was duly appointed his committee on or about March 29, 1921. She died on or about April 17, 1939, and her administratrix filed the account of the mother as committee and asked to have the same judicially settled. It appears that the estate of the incompetent consists entirely of funds received from the Veterans Administration. It also appears that the deceased committee filed accounts annually from the date of her appointment in accordance with section 1379 of the Civil Practice Act and that these accounts were examined by one of the referees appointed by this court to examine the accounts of committees of incompetent persons. The deceased committee was charged with having received over the period of nineteen years $38,163.47 and with having expended for or on behalf of the incompetent $33,451.78, leaving a balance of $4,711.69 which with an adjusted service certificate in the amount of $214 made a total of $4,925.69, the net estate of the incompetent as of the date of the accounting.

At the time of settlement of the account the subject of fees and allowances was before the court. The attorney for the Administrator of Veterans' Affairs pointed out that the incompetent in this proceeding is not being maintained in any institution and requires the major portion of his income for his support and maintenance, and that any allowances made by the court would of necessity be payable from the principal assets of the estate. Notwithstanding that fact the order appealed from allowed for the services of the attorney for the accountant the sum of $600 and for the services of the special guardian the sum of $400, a total of $1,000.

It appears that the deceased committee, mother of the incompetent, prompted by the desire to conserve the estate of the incompetent, refrained from taking commissions to which she was entitled and, further, despite a court order entitling her to withdraw $156.47 per month for the support and maintenance of the incompetent and herself, she voluntarily reduced her withdrawals to $86.47 monthly when compensation paid by the Veterans' Bureau was reduced. If it were not for this sacrifice on the part of the committee, the mother of the incompetent, in all probability there would be no estate in existence at this time.

This is an ordinary accounting proceeding governed by the provisions of the Civil Practice Act. The account is a simple one showing principally receipts from the Veterans' Bureau and disbursements and expenditures as per court order. There were no complications and no legal questions involved. The special guardian questioned the reasonableness of fees paid for legal services in 1925 and 1926, but reported that the account correctly sets forth the receipts, disbursements and balance of the estate.

The provisions of article 81-A of the Civil Practice Act and the regulations of the Administrator of Veterans' Affairs have simplified the work incident to an accounting by the committee of an incompetent veteran. To a large degree the work has become purely clerical. Allowances to an attorney for the accountant and to the special guardian of the incompetent veteran should be made with this in mind. These incompetent veterans should be protected by the court as they are the wards of the court and their estates must be conservatively supervised.

In view of the circumstances of this proceeding, we are of the opinion that an allowance of $250 to the attorney for the administratrix and of $100 to the special guardian is full compensation for the services rendered. The order appealed from should be modified accordingly, and as so modified affirmed, without costs.

TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously modified by reducing the allowance made to the counsel for the administratrix to the sum of $250, and to the special guardian to the sum of $100, and as so modified affirmed, without costs.