In the Matter of the Accounting of KATE RAGOW, as Substituted Committee of the Estate of JACK SIMPKINS, an Incompetent Person.

FRANK T. HINES, as Administrator of Veterans' Affairs, Appellant; THEODORE K. MCCARTHY, Attorney for Substituted Committee, et al., Respondents.

First Department, February 25, 1944.

*Emmett F. Good* of counsel (*James A. Clark,* attorney), for appellant.

*Theodore K. McCarthy,* respondent in person.

DORE, J. In this intermediate accounting by the committee of an incompetent veteran, the sole issue on appeal is the amount of fees payable to the committee's attorney.

The present committee, the incompetent's aunt, was appointed and has acted as such since 1923. The incompetent is an inmate of the Veterans' Administration Facility at Northport, Long Island, N. Y., being supported and cared for there at the expense of the Federal government. He also receives substantial compensation and insurance payments from the United States Veterans' Administration.

This accounting, the second in eighteen years, covers the period from March 30, 1936, to March 30, 1941, shows receipts of $36,655.04, disbursements of $10,656.56, a balance on hand of $25,998.48; and contains numerous items covering fifty-five pages of the printed record. During the whole period of the committee's and the attorney's services, including the worst depression years, the incompetent's estate has been carefully and conservatively managed. It increased by $5,000 during the period accounted for. The disbursements cover numerous monthly payments to the incompetent's mother and aunt pursuant to court orders that are not contested; taxes, repairs and other expenses in connection with the incompetent's real and personal property; and administration expenses. The attorney's services were required in connection with investments, management of real property, servicing mortgages and legal matters. The special guardian who found nothing to object to in the account received for his services $250 and that fee is not contested. The attorney's necessary services in connection with the accounting were obviously far in excess of the special guardian's.

We all agree that the estates of incompetent veterans who are wards of the court should be carefully and conservatively supervised and administered. On this appeal, in view of the size of the estate, the responsibility, time and attention required and the result obtained, we think we should not hold that the Special Term abused its discretion in the allowance made for services rendered during the period of this accounting.

However, one item of $150, legal fee for services rendered between March 30, 1935, and March 30, 1936, was not properly included in the present accounting. It accrued within the period of the prior accounting and could and should have been applied for and passed upon therein. That was the only item in the account as filed that the Veterans' Administration specifically objected to. We agree that in an estate of this kind legal

fees should not unnecessarily be carried over from one accounting period to another. The $150 item should be disallowed and the account adjusted accordingly.

The order so far as appealed from should be modified in accordance with this opinion, and as so modified affirmed, without costs.

MARTIN, P. J. (dissenting). The order appealed from settles the intermediate account of the substituted committee of the incompetent for the period from March 30, 1936, to March 30, 1941.

Attention has frequently been called to the fact that persons judicially declared incompetent are wards of the State and of the Supreme Court. In *Sporza* v. *German Savings Bank* (192 N. Y. 8, at p. 19) the Court of Appeals in an opinion by Judge HAIGHT said: " By such commitment she became a ward of the State. * * * Although a ward of the State she also became a ward of the court, which still had the power from time to time to inquire as to the continuance of her insanity, and also to take in charge the care and preservation of her property."

We are here concerned with the estate of an incompetent who is a veteran of the first World War. In many instances, the unfortunate condition in which these veterans are today may be attributed directly to the hardships they were required to endure while rendering service in defense of their country.

During the period of the accounting the incompetent was a patient in Veterans' Administration Facility, Northport, Long Island, N. Y. His estate consists entirely of funds received from the Veterans' Administration. The Administrator of Veterans' Affairs has appealed from that part of the order settling the intermediate account which approves the payment of $750 for legal services rendered the substituted committee and allows the further sum of $500 as counsel fee upon the intermediate accounting.

The affidavit of the attorney for the Administrator of Veterans' Affairs shows that on April 17, 1936, there was paid $150 for legal services rendered and for disbursements from March 30, 1935, to March 30, 1936. This is within the period covered by the prior accounting. It appears that on the prior accounting the attorney was allowed $600 for legal services in that proceeding by the order dated January 20, 1937. The anomaly of this is pointed out by the attorney for the Veterans' Administration in his affidavit wherein he states that the present account does not reflect any deduction for counsel fee in connection with any services alleged to have been rendered for the accounting

year ending March 30, 1941; and it is further stated that, if the attorney's previous practice in this estate is adhered to, he will have deducted the sum of $150 for legal services, which deduction naturally does not appear in the intermediate account. The substituted committee's attorney states in his affidavit that he has received a fee in 1941 of $150 for legal services rendered from March 30, 1940, to March 30, 1941 which is not reflected in this accounting.

We cannot approve of this practice of carrying over charges for legal services from one accounting period to another in an estate of this character. It is significant that no other item of a similar nature is so treated.

Nor do we think an annual charge of $150 for legal services is justified in this estate. Following the intermediate accounting of 1936, whenever the occasion arose for special services, the attorney was adequately compensated by authority of court order. Apart from these special services, the so-called annual services were of a casual nature, principally clerical. Without intending to fix a criterion, we are of opinion that in this case $100 annually would adequately compensate the attorney for the services rendered.

The previous accounting was had in 1936. Since then, official referees of this court have passed on the accounts for 1938 and 1940. After preparing the account for the 1940–1941 period, all that was necessary in preparing the present intermediate account was recapitulation of accounts previously passed on by the official referees. The accounting proceeding, therefore, was a very simple one; no legal or factual questions were involved and the work was largely clerical. The special guardian found nothing objectionable. In view of all the facts and circumstances, we think the allowance to the attorney on the intermediate accounting should not exceed $250 and the allowance on the annual accounting should not exceed $100 in any year, totaling $500.

We find occasion to reiterate what we said in *Matter of O'Connor* (265 App. Div. 519, 521): " The provisions of article 81-A of the Civil Practice Act and the regulations of the Administrator of Veterans' Affairs have simplified the work incident to an accounting by the committee of an incompetent veteran. To a large degree the work has become purely clerical. Allowances to an attorney for the accountant and to the special guardian of the incompetent veteran should be made with this in mind. These incompetent veterans should be protected by the court as they are the wards of the court and their estates must be conservatively supervised."

The order appealed from judicially settling the account should be modified accordingly, and as so modified affirmed.

GLENNON and UNTERMYER, JJ., concur with DORE, J.; MARTIN, P. J., dissents in opinion in which CALLAHAN, J., concurs.

Order so far as appealed from modified in accordance with the opinion of DORE, J., and as so modified affirmed, without costs. Settle order on notice.