In the Matter of the Accounting of ALLEN H. PULSIFER, as Committee of the Person and Estate of HARRY F. RICHTER, an Incompetent Ex-serviceman, Respondent. Administrator of Veterans' Affairs, Appellant.

Third Department, May 13, 1953.

*Harold W. Rosenstrauch* and *Abraham Friedman* for appellant.

*Allen H. Pulsifer,* respondent in person.

FOSTER, P. J. Appeal by the Veterans' Administration from so much of an order of the Fulton County Court which allowed $250 for attorneys' services in an accounting proceeding, and fixed the future commissions of a successor committee at 5%.

Respondent is an attorney and a member of the firm of Dennison & Pulsifer, practicing at Johnstown, New York. On April 11, 1938, he was appointed the committee of an incompetent veteran. After serving fourteen and a half years, and on September 2, 1952, he asked for leave to resign and for an order directing him to file a final judicial accounting. The reason assigned in his petition was that the volume of his practice had increased to such an extent that the committeeship had become unduly burdensome.

Respondent filed annual accounts of his proceedings as a committee and according to his petition received the compensation permitted by law. He also filed an intermediate judicial account as committee covering the period from the date of his

appointment to May 10, 1943. The present account covers a nine-year period beginning with the date last mentioned. There was and is no objection to the account as such. The receipts during the period were $22,166.90 and the disbursements $21,-401.89. It is not a complicated account but nevertheless there was some detail to it, especially as to disbursements.

The order appealed from allowed $250 to Dennison & Pulsifer as attorneys for the committee, presumably for services in the preparation of the account although the order does not say so. The Veterans' Administration challenges this allowance upon the ground that respondent is an attorney himself, and since he is resigning for his own convenience the incompetent's estate should not be burdened with attorneys' fees. There are cases which hold to that effect (*Matter of Williams,* 245 App. Div. 505; *Matter of Spillane,* 161 Misc. 651).

The Veterans' Administration also raises the issue that section 1384-k of the Civil Practice Act applies, and, if so, then a serious question is presented. This section provides in part: " Where a guardian has received only the benefits from the bureau or income from such benefits, compensation payable to the guardian for administering the estate of a ward shall be fixed by the court not to exceed five per centum of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may, upon petition and after hearing thereon, authorize additional compensation therefor, payable from the estate of the ward." Thus the public policy of the State, as expressed by the Legislature, is to the effect that where the estate of an incompetent veteran consists of nothing but income from the veterans' bureau, or income on such income, no allowance beyond 5% of the annual income shall be payable to a guardian unless he has rendered extraordinary services.

In construing this section the Court of Appeals held that where an attorney was the committee, the investment of funds, correspondence, annual inventories, attendance at hearings before a referee, and the preparation of an account, did not constitute extraordinary services within the meaning of the section (*Matter of Erlandsen,* 265 N. Y. 155). It was also held that the compensation fixed by statute must be deemed a full equivalent for all services of a guardian in the execution of his fiduciary undertaking. Whether this rule would apply if the guardian were a layman we do not now determine.

With that authority in mind and the fact that respondent is an attorney, it seems to me that the court below was precluded from

making the $250 allowance unless it found, first, that the estate consisted of something more than income from the veterans' bureau, or income thereof; or that respondent had rendered services beyond those indicated in the authority cited. The state of this record does not furnish an adequate answer to either proposition. It would appear from the accounting itself that probably the moneys received came by way of disability benefits from the veterans' bureau, but we can by no means be sure of that. Probably the allowance was made for the preparation of the account but since the order is silent in that respect we cannot be certain of that fact. If the estate consisted of something besides pension benefits or income therefrom the language quoted from section 1384-k would not apply, and doubtless the County Judge would then have discretionary authority to make an allowance, but in the state of this record it cannot be told whether the language applies or not. (See § 1384-k, subd. 2, and § 1376.) In any event the order is defective in that it improperly fixed commissions *in futuro* for the successor committee.

The order should be reversed, without costs and the matter remitted to the County Court of Fulton County for action not inconsistent with the views herein expressed.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law and facts, without costs, and the matter remitted to the County Court of Fulton County for action not inconsistent with the views herein expressed. [See 281 App. Div. 1060.]