■ In the Matter of AUGUST HARNISCH, an Incompetent. J. S. GLEASON, JR., as Administrator of Veterans Affairs, Appellant; DEMAREST J. HAHN et al., Respondents.— In a proceeding by an incompetent war veteran, instituted pursuant to section 1382 of the former Civil Practice Act, to discharge the committee of his person and property and to require the committee to restore his property to him, the Administrator of Veterans Affairs appeals from an order of the Supreme Court, Westchester County, entered August 28, 1962 upon the court's decision and opinion after a nonjury trial, which denied the petition and which made awards for services rendered in the proceeding. The appeal is limited to so much of the order as directed the committee to make the following payments: (a) $1,000 to the respondent, Dr. Kessler, the court-appointed psychiatrist; (b) $250 to the respondent, Dr. Nichols, a psychiatrist retained by the petitioner's attorney; (c) $2,000 to respondent Hahn, the attorney for the petitioner; and (d) $1,000 to the committee, respondent Fanelli, for his legal services. No appeal has been taken from so much of the order as denied the petition to discharge the committee. Order modified on the law and on the facts as follows: (1) by reducing to $500 the award to the respondent, Dr. Kessler; (2) by reducing to $150 the award to the respondent, Dr. Nichols; (3) by reducing to $1,000 the award to the respondent Hahn; and (4) by reducing to $500 the award to the committee, respondent Fanelli. As so modified, order, insofar as appealed from, affirmed, wthout costs. Findings of fact implicit in the decision and opinion of the court, insofar as such findings may be inconsistent herewith are reversed, and new findings are made as indicated herein. The estates of incompetent veterans who are wards of the court should be carefully and conservatively supervised (*Matter of Simpkins* [*Hines*], 267 App. Div. 440, 441). In our opinion, the allowances made by the Special Term were excessive to the extent indicated. The order appealed from was entered after a hearing on an order initiating the proceeding and requiring the committee to show cause why he should not be discharged and why petitioner's property should not be restored to him. Copies of said show cause order were served on the committee and on the Veterans' Administration pursuant to the directions contained therein. It is undisputed that, prior to the time the show cause order was signed, an ex parte application had been made by the incompetent and by his said attorney Hahn, upon which an order was made on November 14, 1961, authorizing the incompetent to engage the law firm of Hahn & Hahn (of which said attorney was the last surviving member) and a psychiatrist for the purpose of instituting a proceeding to discharge the committee on the ground that the incompetent was now competent. Such order further provided that, in the event the incompetent was unsuccessful in procuring an order discharging the committee, the court will "fix such compensation for the services of counsel and psychiatrist as it may deem reasonable." We shall assume, *arguendo*, that it would have been preferable if the incompetent had moved, on notice to the committee and to the Veterans' Administration, to obtain the relief obtained by him on the ex parte application (see, e.g., former Civ. Prac. Act, § 1384-g, subd. 2 now superseded by Mental Hygiene Law, art. 5-B). Nevertheless, petitioner's (the incompetent's) failure to move on notice for said relief did not invalidate the subsequent proceeding and did not bar any award either to the attorney or to the psychiatrist retained by him (*Carter* v. *Beckwith*, 128 N. Y. 312; cf. *Matter of Owens*, 18 N. Y. S. 850, 851, affd. 19 N. Y. S. 472, affd. on opinion at Special Term 136 N. Y. 642; *Matter of Henry*, 3 A D 2d 842, mod. on other grounds 3 N Y 2d 258). In our opinion, the committee was

entitled to additional compensation for "extraordinary services" by reason of his services as an attorney in the proceeding instituted by the petitioner (former Civ. Prac. Act, § 1384-k, now Mental Hygiene Law, art. 5-B; cf. *Matter of Shaffer,* 165 Misc. 58). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.