In the Matter of the Accounting of Harold S. Lazar, as Committee of the Person and Property of Harry T. Townsend, Jr., an Incompetent Person, Respondent, William J. Driver, as Administrator of Veterans' Affairs, Appellant; Lorraine D. Miller, Respondent.

First Department, November 4, 1965.

*Leslie M. Colton* of counsel (*Frank Klipper*, attorney), for appellant.

*Harold S. Lazar*, respondent in person.

*Per Curiam.* Upon settlement of the final account of the committee of the person and property of an incompetent, hospitalized veteran, the committee, an attorney, has been awarded $450 for legal services, and compensation of $350 has been granted the guardian ad litem. Appellant, the Administrator of Veterans' Affairs, contends that the former of these allowances should be eliminated and the latter reduced. We agree.

The committee was substituted for a prior committee on January 24, 1957. His petition shows receipts of $7,698.36, including $3,945.22 received from his predecessor, disbursements of $5,991.77, and a balance on hand of $1,706.59. As all the receipts consisted of pension payments by the United States Veterans' Administration and of income derived from such payments, the committee's compensation is regulated by subdivision 1 of section 115-j of the Mental Hygiene Law. That subdivision, after providing that the compensation "for administering the estate of a ward shall be fixed by the court not to exceed five per centum of the income of the ward during any year", goes on to say: "In the event of extraordinary services rendered by such guardian [i.e., the committee] the court may, upon petition and after hearing thereon, authorize additional compensation therefor, payable from the estate of the ward."

It is not questioned that the committee herein performed legal services which might justify reward if other statutes relating to committee compensation were applicable (see Mental Hygiene Law, §§ 109, 115-j, subd. 2; Surrogate's Ct. Act, § 285). But as *Matter of Erlandsen* (265 N. Y. 155) makes plain, such other statutes, in the respect here concerned, have by virtue of section 115-a of the Mental Hygiene Law* been superseded by the provisions of subdivision 1 of section 115-j; and where, as here, those provisions apply, added compensation for legal services is warranted "only when such services are found to be extraordinary", or, as it was also put by the Court of Appeals, "uncommon in character" (p. 157). (See, also, *Matter of Richter*, 282 App. Div. 103.)

The committee in *Matter of Erlandsen* described his services as "the investment of funds, correspondence, annual inventories, attendance at hearings before a referee, and the prepara-

---

*"§ 115-a. Application. Whenever, pursuant to any law of the United States or regulation of the administration, the director requires, prior to payment of benefits, that a guardian be appointed for a ward, such appointment shall be made in the manner hereinafter provided. The provisions of this article shall apply only to the wards of the administration and with respect to such wards, except as herein otherwise specifically provided, shall supersede any inconsistent provision of law relating to incompetents or infants."

tion of the account'' (p. 157). '' All this,'' concluded the Court of Appeals, although '' in part the work of a lawyer,'' was '' no more than the usual routine of administration of any estate '' (*id.*). Comparison of the affidavit of services in *Matter of Erlandsen* with that in the matter at bar inevitably leads to the same conclusion here.

After reviewing the services of the guardian ad litem, and attentive to the caution that '' the estates of incompetent veterans who are wards of the court should be carefully and conservatively supervised and administered '' (*Matter of Simpkins* [*Hines*], 267 App. Div. 440, 441; *Matter of Harnisch,* 20 A D 2d 915), we are of opinion that a substantial reduction of the guardian's allowance is called for.

Accordingly, the order entered on March 12, 1965 should be modified, on the law and the facts, by striking the allowance to the committee and reducing to $75 the allowance to the guardian ad litem, and, as so modified, should, to the extent appealed from, be affirmed, without costs and without disbursements.

EAGER, J. (concurring). I concur. In giving due effect to the statute (Mental Hygiene Law, § 115-j and *Matter of Erlandsen,* 265 N. Y. 155), the court is bound to deny even reasonable compensation to the committee for his services and disbursements as an attorney in procuring the final judicial settlement of his account. These services included the preparation of a final account, the preparation and due service of a notice of motion and petition to settle the account, the appearance by the attorney in the accounting proceeding, the preparation of an order settling the account, the presentation of same to the court and the procuring of the entry of the same; and, incidentally, all stenographic services.

It is clear that the small sum received by the committee as commissions in this comparatively small veteran's estate cannot adequately compensate the committee for his services and disbursements as an attorney in the matter of the accounting. Particularly, this is so in light of present day costs for stenographic services and office overhead.

If an attorney is to be considered as rendering legal services in veterans' estates in furtherance of his duty as an officer of the court without being reasonably compensated therefor, his appointment as a committee and the assumption of his duties as such should be placed on this basis. Therefore, in every case, a committee should be notified to this effect by the Veterans' Administration at the time of his appointment and before qualification; and then, the court would not be put in a position

of attempting to justify the denial of a proper allowance for services in these cases.

Botein, P. J., McNally and Steuer, JJ., concur in *Per Curiam* opinion; Eager, J., concurs in opinion in which Breitel, J., concurs.

Order, entered on March 12, 1965, unanimously modified, on the law and on the facts, by striking the allowance to the committee and reducing to $75 the allowance to the guardian ad litem, and, as so modified, to the extent appealed from, affirmed, without costs and without disbursements.