■ JOSEPH F. ALIZIO, Appellant-Respondent, v NINA ALIZIO, Respondent-Appellant.—In a matrimonial action in which defendant had previously been granted a judgment of divorce, the parties cross-appeal from stated portions of an order of the Supreme Court, Nassau County, entered December 8, 1976, as amended by a further order of the same court, entered July 6, 1977, which, inter alia, fixed the amount of alimony and arrears in alimony and denied plaintiff's motion to restore to him the furniture, contents and articles of personal property contained in the former marital home. Amended order modified, on the law, by deleting so much of the sixth decretal paragraph thereof as provides that the "household furniture and contents and personal property be and the same are awarded to the defendant, who is hereby declared to be the owner thereof", and substituting therefor a provision that defendant shall have the exclusive use and possession of the said household furniture and contents and personal property. As so modified, amended order affirmed insofar as appealed from, without costs or disbursements. Section 234 of the Domestic Relations Law, which authorizes the court to make a direction concerning possession of property, does not empower the court to order transfer of title from one party to the other (McGuigan v McGuigan, 46 AD2d 665). We have considered the parties' other contentions and find them to be without merit. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.

■ CITIBANK, N. A., Formerly CITIBANK (MID-HUDSON), N. A., Appellant, v NORTHWOOD GROUP, INC., et al., Defendants, and WILLIAM J. McINTYRE, SR., as Receiver, Respondent.—In a mortgage foreclosure action, plaintiff appeals from an order of the Supreme Court, Orange County, entered August 5, 1976, which, inter alia, approved the respondent receiver's final accounting. Order reversed, without costs or disbursements, and action remitted to Special Term for a hearing and new determination of the issues involved on the accounting. In view of the disputed issues of fact, the controversy between the parties should not have been determined on affidavits. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.