■ In the Matter of RONALD S. LE BOVICI, as Conservator of IDA SODANO, as Conservatee, Respondent. MARY A. BARTHOLOMEW et al., Appellants.—In a proceeding to settle the financial account of a conservator, the objectors appeal from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated June 26, 1986, as upon granting the application and settling the final account, *inter alia,* awarded attorney's fees to the conservator.

Ordered that the order is modified, on the facts, by striking therefrom the decretal paragraph awarding attorney's fees to the conservator. As so modified, the order is affirmed insofar as appealed from, with costs to the conservator, and the matter is remitted to the Supreme Court, Queens County, to permit the conservator to make a showing that attorney's fees were warranted.

The sale by the conservator of the conservatee's stock holdings and the placement of the proceeds therefrom into insured bank investments without prior court approval was not improper. Like a committee, a conservator has the power to invest the funds of a conservatee without prior authorization by the court (see, Mental Hygiene Law §§ 77.19, 78.15 [c]). Upon our review of the record we find that the conservator exercised the requisite prudence in making the investment (see, EPTL 11-2.2 [a] [1]). Additionally, we find that reimbursement for the postfuneral luncheon, which family members of the deceased conservatee attended, was proper, since such expenses are customarily included in funeral expenses (see, Matter of Scherpich, 27 Misc 2d 135). Also, the record does not reveal any behavior engaged in by the conservator which warranted the appointment of a receiver.

We find, however, that the conservator has not made a sufficient showing to justify the award of the attorney's fees granted by the Supreme Court. His affidavit in support of the application for an award of such fees merely stated that intrafamily bickering had caused him to make a number of phone calls and to answer numerous letters which necessitated his having to visit the ward on numerous occasions, all of which constituted 75 hours of work. This showing was insufficient to warrant an award of attorney's fees (see, Matter of Diece, 165 Misc 58). Under the circumstances, however, we remit the matter to the Supreme Court to permit the conservator to make a showing that an award of attorney's fees is warranted. Brown, J. P., Niehoff, Kooper and Sullivan, JJ., concur.