■ In the Matter of the Conservatorship of VICTORIA J. GREENIDGE. HERBERT RUBIN, as Conservator, Respondent; CLAIRE MADDEN et al., Appellants.—In a proceeding for a final judicial settlement of the account of the conservator of Victoria J. Greenidge, deceased, the objectants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Dunkin, J.), dated October 27, 1986, as denied their objections to the account and awarded counsel fees and disbursements to the law firm of which the conservator was a member.

Ordered that the judgment is reversed insofar as appealed from, with costs payable by the respondent to the appellants, and the matter is remitted to the Supreme Court, Queens

County, for a hearing and new determination as to counsel fees and disbursements.

We find that the Supreme Court erred in summarily denying the objections raised in connection with the conservator's request for additional counsel fees and disbursements. The record does not contain a categorical breakdown of the legal services rendered. Thus, it is impossible to ascertain whether or not the fees listed are duplicative, as alleged by the objectants. In addition thereto, factual issues exist, *inter alia,* as to whether the law firm, of which the conservator is a senior partner, charged fees in connection with its efforts to obtain judicial approval for the demolition of a structure on the conservatee's real property and whether an advance of $2,500, which had been paid to Taff Trucking in furtherance of the demolition project, was refunded to the conservatee's estate after the conservator elected not to proceed with the project.

In view of these disputed questions of fact, summary disposition of the matter was improper *(see, Citibank v Northwood Group,* 60 AD2d 832). Accordingly, we direct that a hearing be conducted so that proof as to the precise nature and extent of the services performed may be submitted *(see, Matter of Le Bovici [Sodano—Bartholomew],* 135 AD2d 635; *Matter of Gurland,* 22 AD2d 696) and an appropriate determination as to reasonable counsel fees and disbursements may be made. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.