In the Matter of PASQUALE DE PALMA, an Incompetent.

Supreme Court, New York County, May 16, 1932.

*Frederick W. McGowan* [*Harold E. Lippincott* and *Harry J. Robinson* of counsel], for the petitioner.

BLACK, J. The co-committee has applied, pursuant to section 1375, subdivision 6, of the Civil Practice Act, for an order permitting him to deposit securities aggregating in value $18,000, and after such deposit reducing his bond by that amount from $20,000 to $2,000. There are indications that a number of similar applications are being withheld pending determination of this motion. No question has been raised respecting the conduct of this co-committee or the character or value of the securities here sought to be deposited. The only opposition is the surety company's contention that judicial settlement of an intermediate accounting of the co-committee should be required by the court as a condition precedent to the granting of such an application.

The purpose of subdivision 6 of section 1375 of the Civil Practice Act is to deposit, under control of the court, securities held by a committee and reduce the amount of the bond by the value of the securities thus deposited with consequent reduction and saving of premium payments. Considering the great number of incompetents' estates affected by this new provision of law, the aggregate amount of premiums thus saved will be very large indeed. The intention of subdivision 6 should be carried out by the court, but only after every precaution possible has been taken to safeguard the interests of the incompetent. Intermediate accountings and judicial settlement thereof usually involve expense to incompetents' estates. The co-committee, desiring to save the estate in which he is interested the expense of an intermediate accounting, asks the court itself, or a special guardian to be appointed, to examine and approve the character and value of the securities here sought to be deposited, and if they be found to be proper investments to order their deposit and reduce his bond accordingly, but I see no escape from requiring judicial settlement of an intermediate accounting. Before the bond of a committee should be reduced, even by the amount of securities deposited as provided in this subdivision, it should be determined in a proceeding binding upon all concerned

that the estate of the incompetent has been and is being properly managed, whether or not the committee has incurred any liability to the incompetent's estate, and if the reduced amount of the bond as proposed will be adequate to protect the incompetent. Sureties upon committee bonds are entitled to know the exact extent of their liability and the time when such liability begins and ends. If this application were granted and the bond of the co-committee reduced from $20,000 to $2,000, after deposit of securities valued at $18,000, without requiring judicial settlement of an intermediate accounting, the surety might remain liable under the original bond for an indefinite period of time, and if upon subsequent settlement of an intermediate or final accounting it be found that the committee for any reason should be surcharged, controversy might arise respecting the time when such liability accrued and the extent of the surety's liability. The possibility of such controversy will be foreclosed by requiring an intermediate accounting as a condition precedent to the granting of an application of this kind. Incompetents are the wards of the court, and special guardians appointed to examine such intermediate accounting should realize an obligation as officers of the court to these unfortunate wards and be willing to accept very moderate compensation for their services.

The intention of the 6th subdivision of section 1375 of the Civil Practice Act should be carried out, but I do not think enough is shown in the moving papers to grant the application, nor do I think these applications for relief under this section should be granted without proof that the investments were legally made in the particular securities which the committee proposes to deposit. The application should pray for an intermediate accounting, and after a proceeding in the nature of an intermediate accounting is had, the court can then decide what liability there is upon the bond up to that time. If there is no liability, the value of the securities sought to be deposited can be ascertained and a lower bond fixed accordingly. The fact that it is proposed to deposit the securities under section 1375 is not enough to grant the application, but applicant must satisfy the court that the investment in the securities was proper in the first instance and that no liability has accrued on the bond before the application to reduce it can be granted.

Ordered that the committee is directed to file an intermediate account, and to apply for its settlement within thirty days after the entry hereof, and Theodore Gibbons, Jr., Esq., of No. 132 Nassau street, is appointed special guardian to represent the incompetent on the accounting.