In the Matter of the Estate of JOHN F. DERVIN, an Incompetent Person.

Supreme Court, Special Term, New York County, February 6, 1943.

*Thomas E. White* for Fidelity and Deposit Company of Maryland, surety.

*James A. Clark* for Veterans' Administration.

WALTER, J. The committee of this incompetent gave bond in the sum of $3,500. Some years later, a petition was presented for permission to withdraw funds for the support of the incompetent. That petition set forth facts indicating that a bond of $1,500 was ample. The order entered thereon accordingly directed that from and after the date thereof the bond be reduced to $1,500. It further provided, however, that neither the committee nor the surety was released from any liability for anything done prior to the date of such order and that such liability shall continue unimpaired to the full amount of the bond already filed. The surety now moves to strike out the part of the order relating to the reduction of the bond, its contention being that a bond should not be reduced except upon an accounting.

The circumstances respecting the entry of the order need not be adverted to beyond saying that the order was regularly presented at Special Term, Part II, that the provision complained of was directed by the court in accordance with the usual practice in such matters, and that the surety is not estopped by its apparent consent. The substantial question presented and considered is whether or not the provision now complained of is proper.

The object of reducing bonds is to save the estate the expense of the premium paid to the surety. It would be needless waste to require a continuance of bonds larger than the size of the estate requires. Under the reduction here ordered there is no release of any liability for anything that has been done. The reduction operates purely prospectively. To say that reduction should be ordered only upon an accounting is to say that the estate must be subjected to the expense of either an accounting or an unnecessarily large bond. True it is that a committee, or any other fiduciary, conceivably may obtain a reduction by representing to the court that the estate is smaller than it is, but that is equally conceivable upon the original requirement of a bond, and the suggestion now made is equivalent to saying that in no instance should the original bond to be given by a fiduciary be fixed without an accounting.

The real motivating cause of the present application would seem to be that the surety must keep a reserve for a $3,500 bond from the time of the giving thereof to the date of the order, and must continue to do so until relieved by an accounting. That, I apprehend, is one of the things for which sureties are paid. The surety can ascertain the situation of the estate from its principal. If it or the Veterans' Administration find a situation requiring an accounting either may seek one. It also may move to be relieved upon the giving of a new bond, if it so desire.

The amount saved to estates by reductions like the one here ordered is substantial. No impropriety in the practice thus far has been discovered. The sureties usually consent. Nothing is here shown to justify a different practice in this case.

The motion is denied.

This disposition is not in conflict with the ruling in *Matter of De Palma* (145 Misc. 496), although perhaps not consonant with everything said in the opinion in that case. There a valuation of securities was involved. It does not follow that an accounting is necessary in every case.