In the Matter of the Accounting of WILLIAM G. Ross, as Committee of the Person and Property of MARY CANTWELL, an Incompetent Person.

Supreme Court, Westchester County, April 15, 1944.

*Thomas E. White* for Fidelity and Deposit Company of Maryland, petitioner.

*William G. Ross,* committee in person.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), in support of petitioner.

PATTERSON, J. The moving party, the Fidelity and Deposit Company of Maryland, the surety on the bond of the above-named committee, moves for an order to modify the order of this court dated August 30, 1941, by striking therefrom such portion thereof which reduces the amount of the bond from sixteen thousand dollars to seven thousand dollars. The pertinent part of the order is as follows: " ORDERED that the amount of bond required of William G. Ross as committee of the person and property of Mary Cantwell, an incompetent person, be reduced from $16,000.00 to $7,000.00, and that future liability of the surety of said committee be limited to $7,000.00."

The referee, appointed by the Appellate Division to examine the accounts and inventories of committees of incompetent persons, reported that there was a continual shrinkage of principal in the estate of the incompetent, and that a substantial part of it had been transferred from personal property to real property, and therefore he recommended the reduction of the bond. Upon his report, the order in question was made without notice to the incompetent.

It has been established that the report of an examining referee is not a binding adjudication. In *Matter of Haher* v. *Hamilton* (267 N. Y. 474) the Court of Appeals considered the effects of an examination of a committee's account by a referee appointed pursuant to section 1379 of the Civil Practice Act and said: " It is not the intent of the statute that the examination be in

the nature of an accounting. In form it is *ex parte* and binding upon nobody. In purpose it is merely exploratory and precautionary.''

The Attorney-General appears upon the motion and joins in the request of the petitioner for a modification of the order.

The point seems to be well taken that a reduction of a bond as here sought, to be binding upon the incompetent, should, in the absence of direct statutory provision, be made upon notice to such beneficiary or his representative. Section 111 of the Surrogate's Court Act provides for the reduction of a ·bond of an executor, administrator, guardian, trustee, or other fiduciary, but I can find no section of the Civil Practice Act comparable thereto.

In the absence of such a statutory provision, it would appear that a bond reduction, if it be accomplished at all, can be made only in a proceeding in which the court has jurisdiction over all interested parties. In the instance of a committeeship the incompetent must be before the court.

The question has arisen whether an accounting is a necessary prerequisite to an application for a reduction of a bond. It would certainly be in the interest of economy and practicality to require no accounting. *Matter of De Palma* (145 Misc. 496) is cited as authority for the necessity of an accounting before a bond may be reduced. On the other hand, *Matter of Dervin* (179 Misc. 532) is apparent authority for the reduction of a bond without an accounting. In *Matter of De Palma,* the investment of the assets of the incompetent's estate was involved. That was not true in *Matter of Dervin.*

It seems to me it would be the better practice that, where there is no question about the condition of the estate and the amount of bond to be required, an intermediate accounting should not be necessary, but in any event a special guardian should be appointed on behalf of the incompetent so as to render the bond reduction order binding upon him or his representative. In such a proceeding, a special guardian might, and ordinarily would, acquiesce in the bond reduction without a judicial settlement, but a special guardian should be appointed who can review all of the facts and give to the court general jurisdiction over the estate of the incompetent.

If the order confirming the report of the referee and reducing the amount of the bond is effective for all purposes, it would then seem to follow that the report is tantamount to a judicial settlement of an intermediate account, but we know that the report of the referee has no such judicial effect.

It is my opinion that the motion to modify the order in question should be granted, and the modified order should provide as follows: (1) authorization to the committee to file a new bond in a lesser amount; (2) that upon the filing of the bond the old surety on the existing bond be discharged under the old bond from any future acts of the committee; (3) that the new surety or the surety under the new bond shall become liable for all future acts of the committee only under the new bond; and (4) that the surety under the old bond be not discharged from liability on the old bond during the period it was in force until the accounting covering such period has been duly had, approved and judicially settled.

Submit order accordingly.