In the Matter of the Appointment of a Committee of the Property of PAUL KING, an Incompetent, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Second Department, November 15, 1954.

*Paul King,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Raymond B. Madden* and *Benjamin A. Gilman* of counsel), for respondent.

MURPHY, J. The appellant, an alleged incompetent, is an inmate of the Matteawan State Hospital. Through a petition filed by himself, he seeks appointment of a committee of a particular portion of his property. He alleges that he owns personalty in the sum of $250,000, which is being illegally retained by the Attorney-General of the State of New York. In opposition, the Attorney-General asserts that appellant had a long criminal record prior to his commitment as an insane person on December 29, 1952; that he is presently under indictment in Otsego and Sullivan Counties, charged therein with the crimes of grand larceny and extortion; that he had fraudulently obtained innumerable real property mortgages; and that in

1944 the Attorney-General obtained possession of these mortgages as well as other property of appellant, which the latter had obtained through fraud.

Appellant's next of kin are his wife, an eleven-year-old daughter, a brother and two sisters. The admitted impounding of property which was taken from appellant's possession in 1944 and as to which, apparently, there has been no judicial determination of title, presents a situation which requires protection of the interest of the alleged incompetent as a ward of the court and, incidentally, of his dependents.

The Supreme Court is duty bound to preserve property of an incompetent from waste or destruction. (Civ. Prac. Act, §§ 1356, 1357; *Matter of McGuinness,* 290 N. Y. 117, 118.) Its jurisdiction over such property must be exercised by means of a committee of the property of the incompetent or of a particular portion thereof (Civ. Prac. Act, § 1358).

If the appellant has title to any part of the impounded property, he could be deemed a petitioner within the meaning of section 1359 of the Civil Practice Act which provides that a petition for appointment of a committee '' may be presented by any person.'' Such appointment, however, should be made only on substantial proof that the appellant has a property interest.

The order denying appellant's application should be reversed and the application should be granted to the extent of appointing a guardian ad litem to succeed the appellant as petitioner in this proceeding, and the proceeding should be remitted to the Special Term for further proceedings not inconsistent herewith. Such guardian ad litem may be appointed at any stage of the proceeding when it appears to the court necessary for the proper protection of the rights and interests of an incompetent (Civ. Prac. Act, § 207).

The question of appellant's interest in the impounded property must be disposed of. The guardian ad litem, upon investigation, will determine, in the interests of the appellant, whether prosecution of the application should be continued or abandoned, and take appropriate action.

NOLAN, P. J., WENZEL, MACCRATE and SCHMIDT, JJ., concur.

Order denying application reversed, without costs, and application granted to the extent of appointing a guardian ad litem to succeed the appellant as petitioner in this proceeding, and proceeding remitted to the Special Term, Dutchess County, for further proceedings not inconsistent with the opinion herein.