Jacob Markowitz, J.
The decision of this court, made and entered December 30, 1965, is sua sponte, recalled and the following substituted therefor.
The petition herein presented, by the committee of an incompetent veteran, seeks leave to file a final account; requests the appointment of a guardian ad litem to examine said account; and requests an extra allowance for the committee. The committee is admittedly due $33.91 in additional commissions, out of the $1,224.78 balance in the estate.
The recent decision of the Appellate Division in Matter of Townsend (24 A D 2d 93) sets forth the guidelines to be followed on such applications. To the extent the committee’s services, even if of a legal nature, were not extraordinary in character, no compensation therefor may be awarded. As the committee’s services herein were, in the main, of a routine sort, they amounted to “no more than the usual routine of administration of any estate ” (Matter of Erlandsen, 265 N. Y. 155, 157, quoted in Matter of Townsend, supra) and compensation shall be restricted to the commissions of the committee and an extra 'allowance of $150.
The Veterans’ Administration has audited and raised no objections to the account contained in the papers submitted. Due to this fact, the small amount of the estate, and in view of the court’s own examination of the account proffered, it appears that not only would it be difficult to obtain a guardian to serve, but the appointment thereof would be unnecessary. When section 1381 of the Civil Practice Act was transposed to and made a part of the Mental Hygiene Law (§ 113), the phrase providing that “it shall be [the court’s] * * * duty” to appoint a guardian ad litem on an accounting such as this was omitted. Now the appointment lies completely within the discretion of the court. This omission must be assumed to have been deliberate, and intended to have effect. This effect, it must be assumed, was to avoid the imposition of unnecessary work upon guardians ad litem, who were not to be fairly compensated therefor, where the estate was small, and no objections *512 either apparent on its face, or raised by any public agency charged with supervision of the matter, such as the Veterans’ Administration herein.
Accordingly, ,the motion is granted to the extent above noted.