In the Matter of the Accounting of EDWARD BECAN, as Successor Committee of the Person and Property of HENRY BECAN, an Incompetent. WILLIAM J. DRIVER, as Administrator of Veterans' Affairs, Appellant; HAROLD V. DEMPSEY et al., Respondents.

First Department, June 9, 1966.

*Jack A. Roper* of counsel (*Frank Klipper,* attorney), for appellant.

*James P. Costello* of counsel (*Harold V. Dempsey,* attorney), for respondents.

EAGER, J.  In this proceeding for the judicial settlement of the final account of the successor committee of an incompetent and hospitalized veteran, the Administrator of Veterans' Affairs appeals from an order insofar as it fixes the fees and allowances of the " special guardian " at $250 and of the attorney for the committee at $750.

We have had occasion to repeatedly caution that " the estates of incompetent veterans who are wards of the court should be carefully and conservatively supervised and administered ". (*Matter of Townsend,* 24 A D 2d 93, 95; *Matter of Simpkins* [*Hines*], 267 App. Div. 440, 441; *Matter of O'Connor,* 265 App. Div. 519, 521. See, also, *Matter of Harnisch,* 20 A D 2d 915.) Where the affairs of an incompetent veteran are brought within the aegis of the Supreme Court, the duty is placed directly upon it to protect and preserve his property.  (See Mental Hygiene Law, § 100; *Wurster* v. *Armfield,* 175 N. Y. 256, 262; *Matter of King,* 284 App. Div. 748, 749.)  Where necessary or proper, a guardian ad litem, as an arm of the court, may be designated to appear for and take such proceedings as are necessary to protect the interest of the incompetent in a litigation before the court.  (See CPLR 1201, 1202.)  Where required, a " guardian ad litem " is appointed, not a " special guardian ". The latter term is no longer used.  (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1202.01, pp. 12–22.)

In the absence of statutory provision requiring a guardian, the court may properly take upon itself the responsibility of protecting the interests of an incompetent without the appearance of a guardian ad litem; and we have noted that, in many instances, no useful purpose is served by the appointment of a guardian ad litem to appear for and represent an incompetent veteran in an accounting by his committee.  Where such appointment is unnecessary for the protection of the rights and interests of the incompetent, it is improper to burden the estate with the expense incident thereto.

Incompetent veterans are wards of the United States Government and a responsibility is placed upon the Veterans' Administration to exercise supervision over the expenditure of benefits paid in behalf of these wards of the Government.  (See U. S. Code, tit. 38, §§ 201, 3202.)  The Veterans' Administration, headed by the Administrator of Veterans' Affairs, is required to function in a manner somewhat analogous to that of a guardian ad litem on behalf of mentally incompetent veterans receiving benefits under Federal acts.  (See 9C Uniform Laws Ann., Miscellaneous Acts, p. 319.)  In the ordinary accounting

proceeding, the Administrator and his attorney are bound to conduct such investigation and examination of the proceedings and accounts of the committee as are necessary for the protection of the interests of the incompetent veteran. Accordingly, in most instances, the work of a guardian ad litem is merely an unnecessary duplication of the work performed by the Administrator or his attorney.

With the foregoing obviously in mind, recently, Mr. Justice MARKOWITZ, at Special Term in this Department, had occasion to hold that it was unnecessary and inexpedient to appoint a guardian ad litem in connection with a final accounting by a committee with respect to a small estate of an incompetent veteran. (*Matter of Tyler,* 49 Misc 2d 510, 511–512.) There, he said: " The Veterans' Administration has audited and raised no objections to the account contained in the papers submitted. Due to this fact, the small amount of the estate, and in view of the court's own examination of the account proffered, it appears that not only would it be difficult to obtain a guardian to serve, but the appointment thereof would be unnecessary. When section 1381 of the Civil Practice Act was transposed to and made a part of the Mental Hygiene Law (§ 113), the phrase providing that ' it shall be [the court's]  *  *  *  duty' to appoint a guardian ad litem on an accounting such as this was omitted. Now the appointment lies completely within the discretion of the court. This omission must be assumed to have been deliberate, and intended to have effect. This effect, it must be assumed, was to avoid the imposition of unnecessary work upon guardians ad litem, who were not to be fairly compensated therefor, where the estate was small, and no objections either apparent on its face, or raised by any public agency charged with supervision of the matter, such as the Veterans' Administration herein."

We fully agree with these views. Where the estate of an incompetent veteran consists mainly of a small balance (less than $2,500) of funds derived principally from the payment of benefits under the direction of the Veterans' Administration and there is no reason to believe that an account filed or submitted by the committee is wrongful, improper or substantially inaccurate in any respect, generally there will be no need for the appointment of a guardian ad litem in the proceeding for the settlement of the account. Notice of such proceeding is required to be given to the Veterans' Administration (see Mental Hygiene Law, § 115-f) and, ordinarily, there is no justification for the designation in an order to show cause

instituting the proceeding of an attorney or guardian ad litem to receive service of the papers in behalf of the incompetent. (See *Matter of Beyer*, 21 A D 2d 152, 155.) If necessary or proper, the appointment of a guardian ad litem may be made later in the proceeding; and, generally, the appointment will be required only in the event that it appears that the Administrator and his attorney raise some objection to the account filed or submitted by the committee and there is a conflict of interest or other cause justifying the appointment. (See CPLR 1201.)

Here, it appears that the appointment of the guardian ad litem was unnecessary and served no useful purpose. Moreover, as pointed out by the Administrator, the guardian's report and statement disclose but a minimum of effort in behalf of the incompetent. His examination of the committee's bankbook and records embraced only a small portion of the accounting period. He neither visited the veteran at the hospital nor did he make any proper inquiry to ascertain his present physical or mental condition and needs.

Where an attorney accepts the designation as a guardian ad litem to appear for and represent an incompetent in a proceeding for an accounting by a committee, it is expected that he shall enter upon the diligent performance of his duties with an understanding of the nature of his responsibilities. It is his duty (1) to examine the order appointing the committee and all surety bonds filed by him; (2) to examine all court proceedings during the accounting period including orders entered therein; (3) to review all annual accounts in relation to the proposed final account; (4) to examine and review all books of account kept by the committee, and all bankbooks, cancelled checks, bank statements and receipts, and any other documents which would reveal the manner in which the funds were received and disbursed; (5) to ascertain whether all income was properly reported; (6) to ascertain whether extraordinary disbursements were authorized by a court order or, in lieu thereof, by whose authority; (7) to examine the account as filed, checking all items, totals and balances, with a view toward reporting whether it accurately sets forth a proper accounting concerning the estate and income of the incompetent; (8) to make a personal investigation as to the condition and well-being of the incompetent and, if feasible, to personally visit with him, all for the purpose of determining his current needs and whether or not it appears that he has sufficiently recovered to warrant action toward a declaration of his competency; (9) to ascertain

if all investments made by the committee during the accounting period and, particularly, those presently held in the estate of the incompetent, were and are authorized by law.

The report of the guardian ad litem to the court should set forth in detail his acts and proceedings in the performance of his duties, and he is bound to report any irregularity he has discovered in the matter of the administration of the affairs of the incompetent. He should report as to whether or not the account as filed is proper and correct; and, if he disapproves of the same in any respect, the nature of his objections is to be stated. If any actions of the committee were in conflict with the interests of the incompetent, this should be reported to the court. Also, the court should be informed as to whether there is a proper relationship between the needs of the incompetent and his estate and income, including veteran's or other benefits made available for his welfare.

The allowances in an accounting proceeding for the services of a guardian ad litem and of a properly retained attorney for a committee must be fixed with due regard to the responsibility, time and attention required in the performance of their duties, the result obtained and the nature and extent of the income and estate of the incompetent. As officers of the court, the guardian and the attorney appearing in an accounting in the estate of an incompetent veteran are bound to conscientiously perform their respective duties, with the understanding that they may be asked to accept most moderate compensation for their services. (See *Matter of De Palma,* 145 Misc. 496, 498; *Matter of Townsend, supra.*) Here, the allowances fixed at Special Term were grossly excessive, particularly in view of the small balance (approximately $1,430) remaining in the estate of the incompetent.

The order, entered September 21, 1965, should be modified, on the law and the facts, to reduce the allowance to the attorney for the committee to the sum of $300 and to reduce the allowance to the " special guardian " to the sum of $100, without costs, and the order should otherwise be affirmed, without costs.

BOTEIN, P. J., BREITEL and RABIN, JJ., concur.

Order, entered on September 21, 1965, unanimously modified, on the law and on the facts, to the extent of reducing the allowance to the attorney for the committee to the sum of $300 and to reduce the allowance to the special guardian to the sum of $100, and, as so modified, is affirmed, without costs and without disbursements.