William J. WHITMIRE, Plaintiff,

v.

UNITED STATES VETERANS
ADMINISTRATION, et al.,
Defendants.

No. C86–515R.

United States District Court,
W.D. Washington,
Seattle Division.

Dec. 23, 1986.

William J. Whitmire, pro se.

Anastasia K. Dritshulas, Asst. U.S. Atty., Seattle, Wash., L.E. Dreisbach, Asst. Atty. Gen., Olympia, Wash., for defendants.

ORDER GRANTING DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT WASHINGTON STATE'S MOTION TO DISMISS

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion for summary judgment brought by defendant United States Veterans Administration, and on a motion to dismiss brought by defendant State of Washington Department of Veteran Affairs. Having reviewed the motions, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

I. FACTUAL BACKGROUND

On July 19, 1984, plaintiff William J. Whitmore applied for a nonservice-connected United States Veterans Administration ("VA") disability pension on the basis of an emotional disorder. (Exhibit D, attached to the United States' memorandum in support of its motion for summary judgment). In a letter dated December 17, 1984, the VA notified plaintiff that his application had been rejected. (Ex. F).

After plaintiff appealed, the VA investigated further. In its Rating Decision dated December 11, 1985, the VA concluded that plaintiff was disabled due to paranoid schizophrenia, and proposed that plaintiff be rated "incompetent." (Ex. N).

On the same day, the VA sent a letter to plaintiff informing him that the VA was considering appointing a fiduciary for him; that if such person were appointed, he or she would take care of the plaintiff's finances and be responsible to the VA for the proper disposition of his funds. The letter explained to plaintiff his right to submit additional evidence, to a hearing, and to representation, prior to the appointment of a fiduciary. (Ex. O). The letter stated that he had 30 days from that date to submit additional evidence or request a hearing. No indication of an intent to contest the proposal was received during that 30-day period. On January 23, 1986, the plaintiff was rated incompetent. (Ex. P).

At this time plaintiff was, because of retroactive entitlement, due an accumulated disability pension of approximately $12,-000. Additionally, he became entitled to a monthly disability pension of $490. (Ex. Q). On February 4, 1986, a field examiner met with plaintiff and decided that it would be in plaintiff's best interest to have his benefit money cared for by a fiduciary. (Ex. R). The Washington State Department of Veterans Affairs ("the State") was administratively appointed to act as a federal fiduciary on February 10, 1986, and on March 10, 1986, the Certificate of Legal Capacity to Receive and Disburse Benefits was issued. (Ex. S).

Plaintiff filed his complaint in this case on April 30, 1986.[1] On May 7, 1986, plaintiff presented the VA with notice that he disagreed with the rating of incompetence and appointment of a fiduciary payee. (Ex.

1. Plaintiff's amended complaint was filed on August 7, 1986.

A). On October 8, 1986, a Statement of the Case was sent to plaintiff, which gave plaintiff 60 days to respond. As of October 27, 1986, no response had been received. (Ex. C).

Currently, plaintiff is given $70 per week from the VA. The remaining $210 of his monthly pension benefits is given to the State, added to his accumulated $12,000, and held in an account for him. Plaintiff apparently seeks unrestricted access to this money.

## II. DUE PROCESS CLAIM

■ Plaintiff apparently claims that he has been and is currently being deprived, without due process of law, of a portion of his VA pension benefits.[2]

The VA appellate procedures provide plaintiff an avenue to receive a thorough review of this matter. *See* 38 U.S.C. §§ 4001, *et seq.*, 38 C.F.R. §§ 19.1, *et seq.* Plaintiff has not shown that he exhausted his administrative remedies as regards his access to the entire amount of his pension benefits, nor that those administrative remedies are no longer available to him. This court will not attempt to decide whether the process of law which was made available to plaintiff was constitutionally adequate until and unless it appears that plaintiff has exhausted all the process of law which is available to him. *See Montgomery v. Rumsfeld*, 572 F.2d 250, 252–54 (9th Cir.1978) (court may, in its discretion, re-quire exhaustion of administrative remedies).[3]

## III. FIRST AMENDMENT CLAIM

■ Plaintiff contends that the State currently conditions release of funds upon delivery of sales receipts and descriptions of items purchased. Plaintiff argues that this reporting requirement infringes upon his privacy and 1st Amendment rights because it forces him to report to the State his desire to purchase religious items and requires him to describe those items.[4]

The State signed a Fiduciary Agreement on February 10, 1986, in which it agreed to serve as legal custodian for the VA. (Ex. S). This appointment was made under the authority of 38 U.S.C. § 3202(a)(1) and 38 C.F.R. §§ 13.55(a), (b)(4), and 13.58(a). Pursuant to these provisions, and to the Fiduciary Agreement, assets under the control of the State must be administered for the use and benefit of the veteran beneficiary. 38 U.S.C. § 3202(a)(1); Ex. S.

Because of the nature of its obligations as fiduciary, the State must have some means of evaluating whether or not the beneficiary's proposed purchases ought to be approved. The court knows of no way that the State could carry out its fiduciary duties *without* requiring plaintiff to disclose and describe his anticipated expenditures, including expenditures of a religious nature.[5]

---

2. Plaintiff bases his due process claim on the 14th Amendment. *See* "Plaintiff's Motion Seventh and Fourteenth Amendments." The 14th Amendment does not apply to actions taken by the United States. *Taylor v. United States*, 320 F.2d 843, 846 (9th Cir.1963). The court will therefore treat plaintiff's claim as if based upon the due process clause of the Fifth Amendment.

3. As the court understands it, plaintiff's motion based upon the 7th Amendment argues that part of the due process of law to which he was entitled, prior to being deprived of control over his pension benefits, was a jury trial. For the reasons just stated, the court does not need to reach this question at this time.

4. Significantly, plaintiff has not alleged that the State has denied any of his requests for funds in such a way as to benefit or disadvantage religious belief in general or any particular religious belief. Plaintiff has not shown, in fact,

that any reasonable request for funds for the purchase of religious articles has been denied.

Plaintiff's request for money was denied, for example, when he stated that he intended, among other things, to purchase religious articles and effects, "like a bible or religious ring to wear on my hand or a gold religious metal to wear around my neck, or even so I could donate a small amount to a church." (Ex. 2, attached to the United States' Reply in support of its motion for summary judgment). The government plausibly asserts, however, that it was the amount of the request ($12,000), not the request's religious nature or the lack of detail in the description, which led to the refusal.

5. The record does not show that the State has required unduly detailed descriptions of plaintiff's proposed expenditures.

Plaintiff's objections to this procedure must be considered as derivative of his objections to having had the State appointed as his fiduciary. As noted above, plaintiff did not exhaust his administrative remedies in objecting to the appointment of the State. His First Amendment and privacy claims are therefore not properly before the court, and must be dismissed.

## IV. STATUTORY TORT CLAIMS

■ Plaintiff is apparently suing the federal government in tort as a result of not being given access to all of his pension benefits.

According to 28 U.S.C. § 2675(a), no action shall be instituted upon a claim against the United States for money damages stemming from the negligent or wrongful act or omission of any government employee acting within the scope of his employment which has not first been presented to and denied by the appropriate federal agency.[6] Plaintiff has not alleged that any government employee acted otherwise than within the scope of his employment.

Plaintiff's action was initiated in this court on April 30, 1986. Plaintiff presented his tort claims to the VA on May 7, 1985. (Exhibit A). The period alloted by section 2675(a) for administrative consideration of plaintiff's claim did not expire until November 6, 1986, when his administrative tort claim was formally denied. (Plaintiff's Ex. 11). The court therefore had no subject matter jurisdiction over this matter at the time that it was filed, and plaintiff's complaint must be dismissed. *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984).[7]

## V. "CRIMINAL MATERIAL" CLAIM

■ Plaintiff presents a claim based upon 18 U.S.C. § 666, "Theft or bribery concerning programs receiving Federal funds." Plaintiff has presented no authority or analysis which would indicate that this statute creates a private cause of action upon which he can base a suit. The court for this reason will dismiss plaintiff's claim.

## VI. CLAIMS AGAINST THE STATE OF WASHINGTON

■ Plaintiff's complaint alleges in effect that the VA unlawfully appointed as his fiduciary the Washington State Department of Veteran Affairs. As noted above, the State signed a Fiduciary Agreement on February 10, 1986, in which it agreed to serve as legal custodian for the VA. (Ex. S). This appointment was made under the authority of 38 U.S.C. § 3202(a)(1) and 38 C.F.R. §§ 13.55(a), (b)(4), and 13.58(a).

Plaintiff's claims against the State are essentially derivative of his claims against the VA.[8] This court has already determined that plaintiff's claims against the VA are not properly before the court. The court therefore dismisses plaintiff's claims against the State.

## VII. PRIVACY CLAIM

Plaintiff presents a claim based upon the Privacy Act, 5 U.S.C. § 552a. Plaintiff apparently alleges that the VA is unlawfully requiring the State to keep records on all of plaintiff's financial expenditures, and unlawfully releasing to the State documents about plaintiff.[9]

■ The VA states that its release of information about plaintiff without plaintiff's written consent was and is sanctioned by the "routine use" exception to section

---

**6.** The failure of an agency to make final disposition of a claim within six months may be deemed a final denial of the claim. 28 U.S.C. § 2675(a).

**7.** The court notes, additionally, that plaintiff's pleadings do not appear to allege any specific tortious actions on the part of the United States government, and therefore fail to state a claim for relief under the Federal Tort Claims Act, 28 U.S.C. § 2674.

**8.** In this case the State is acting in the capacity of a private fiduciary. There is no evidence that it is not attempting in good faith to carry out its role, in compliance with the law and with its agreement with the VA.

**9.** The only specific alleged violation to which plaintiff refers is the release of his name and identifying number to the State of Washington Department of Veterans Affairs. (Ex. A., p. 2, lines 15–17).

**724**

552a(b). Pursuant to this exception, the VA may disclose information to a fiduciary in order to enable that fiduciary to perform its duties. 47 F.R. 29435, July 6, 1982 (routine use number 9). Plaintiff has provided no evidence to indicate that the VA released information otherwise than in accordance with the routine use exception of section 552a(b).

Plaintiff also apparently argues that the VA improperly directed the State to acquire information from him. The VA has the authority under 38 U.S.C. § 3202 to pay benefits to a fiduciary on behalf of a VA beneficiary. The VA Administrator is authorized to suspend payments if he decides that a fiduciary is neglecting or refusing to render an account showing the payments made for the benefit of the incompetent, or that a fiduciary is neglecting or refusing to administer the estate according to law. 38 U.S.C. § 3202(b). The clear meaning of this authorization is that the VA may gather information from both fiduciaries and beneficiaries. *See In re Becan*, 26 A.D.2d 44, 270 N.Y.S.2d 923, 929 (1966). Plaintiff's claim under the Privacy Act is therefore without merit.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

Defendant United States' motion for summary judgment on the claims set forth in plaintiff's amended complaint is GRANTED. Defendant Department of Veterans Affairs for the State of Washington's motion to dismiss is likewise GRANTED.

IT IS FURTHER ORDERED:

Plaintiff's motions entitled "Seventh and Fourteenth Amendments," "Criminal Material," "Privacy Act, 5 U.S.C. § 552a, A Criminal Enactment," and "Constitutional Property Rights of the 14th Amendment," are DENIED. Defendant United States' motions regarding these motions are moot and therefore are STRICKEN. All of plaintiff's pending motions are hereby STRICKEN as moot.

IT IS SO ORDERED.